IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   14-cv-01732-WYD-MJW

JESUS BORREGO and
JOANNE BORREGO,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

**ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant's Motion for Partial Summary Judgment filed July 24, 2015.  A response was filed on August 14, 2015, and a reply was filed on August 28, 2015.  For the reasons stated below, Defendant's Motion for Partial Summary Judgment is denied.

By way of background, this action arises out of Plaintiffs' claim to American Family Mutual Insurance Company ["American Family"], under their insurance policy after their home allegedly sustained damage on June 26, 2012 due to the Waldo Canyon Fire.  Plaintiffs Jesus and Joanne Borrego ["the Borregos"] assert three claims for relief:  (1) breach of the implied covenant of good faith and fair dealing; (2) breach of contract; and (3) violation of Colo. Rev. Stat. § 10-3-1115 and 1116.  American Family

seeks summary judgment on the second and third claims for relief on the basis that the Borregos did not file suit within the one-year contractual limitation period.

## II. FACTS

The Borregos had a Homeowners Policy with American Family that provided coverage for certain losses to property located at 5511 Vantage Vista Drive, Colorado Springs, CO 80919 [the "Property"]. The Policy was in force on the date of the loss and was in existence from April 3, 2012 through March 6, 2013.[1]

The Borregos allege that the property was damaged by the Waldo Canyon Fire which began on June 23, 2012 and damaged their home on June 26, 2012. They opened a claim with American Family under the Homeowner's Policy in June of 2012 and there was a dispute with respect to the extent of the damage. This claim was first reported to American Family by Mrs. Borrego on June 27, 2012. American Family reported the date of loss to be June 23, 2012.[2] The Borregos filed suit on June 20, 2014, six days before the two year anniversary of the purported loss or damage.

American Family asserts that pursuant to the policy, suit must be brought within one-year of the date of loss. The Borregos deny this as a legal conclusion, stating this is the very issue in dispute in regard to American Family's motion.

Specifically, the policy provides as follows:

---

[1] I have cited to the record only where the facts are in dispute, and have recited only those facts I deem necessary to deciding the motion.

[2] Although Plaintiffs contend that date is actually June 26, 2012, they have assumed a June 23, 2012 date of loss for purposes of this motion.

> **CONDITIONS – SECTION I**
> . . .
> **18. Suit Against Us. We** may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss or damage occurs.

While the Borregos admit that this provision is contained within the policy, they do not admit that this limitation controls, nor do they admit that "suit must be brought within one year of the date of loss". They contend that this language is superseded by statute pursuant to Colo. Rev. Stat. 10-4-110.8(12)(a)(I)-(II), as discussed in the next section.

Assuming the June 23, 2012 loss date, the one year period ended on June 23, 2013. The policy expired on March 3, 2013.

It is undisputed that American Family's adjustment of the claim continued well past the one-year deadline for suit under the policy, and well past the expiration of the policy. Further, American Family issued three payments to the Borregos, months after this one year deadline, and months after the expiration date. Finally, American Family admits that, upon the Borregos' request and after the one year date of loss, it brought a Senior Adjuster to conduct an inspection on October 18, 2013, and that it had two engineers inspect the Borrego residence in August and November 2013.

II.  ANALYSIS

    A.  Standard of Review

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,. . . show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A fact is 'material' if. . . it could have an

effect on the outcome of the lawsuit." *E.E.O.C. v. Horizon/ CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.*

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *Horizon*, 220 F.3d at 1190. "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). When applying the summary judgment standard, the court must "'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Id.* (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Sw. Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

B.   The Merits of American Family's Argument

As noted previously, American Family claims that the second and third claims are barred based on the fact that the Borregos failed to bring suit within one year as required by the policy. The Borregos do not dispute that the provision exists in the contract, but contend that the policy's one-year limitations period is superseded by statute pursuant to Colo. Rev. Stat. 10-4-110.8(12)(a)(I)-(II). This statute was amended in May 2013 to expand the time within which a policy-holder may bring suit, to the extent the contract of insurance limited that time period to less than the applicable statute of limitations.

Turning to my analysis, under Colorado law the interpretation of an insurance policy's language is a question of law. *B & B Livery, Inc. v. Riehl*, 960 P.2d 134, 136 (Colo. 1998). A contract must be enforced as written, "unless there is an ambiguity in the . . . language." *Cotter Corp. v. American Empire Surplus Lines Ins. Co.*, 64 P.3d 886, 889 (Colo. App. 2002). Here, the requirement that suit be brought within one-year is not ambiguous, and it is undisputed that the Borregos did not comply with the requirement. Moreover, contractual limitations periods are generally deemed enforceable so long as they are not unreasonable even if, as here, they are shorter than the applicable statute of limitations. *See Capitol Fixture & Supply Co. v. Nat'l Fire Ins. Co. of Hartford*, 279 P.2d 435, 437 (Colo. 1955) (finding one year limitations period "is not unreasonable"); *Union Health & Accid. Co. v. Welch*, 206 P. 709 (Colo. 1922) (six month time limit to commence suit under accident policy valid and enforceable); *Atchison, T. & S.F. Ry. Co. v. Baldwin,* 128 P. 449, 422-23 (Colo. 1911) (contractual limitations periods are enforced provided the period of time within which the action must be brought is reasonable and the provision has not been waived). Indeed, in *McGlothlen v. Am. Family Mut. Ins. Co.*, 11-CV-02892-DME-KLM, 2013 WL 1767790, at *5 (D. Colo. Apr. 24, 2013), Judge Ebel enforced the same exact policy provision limiting suits to within one year of the date the loss or damage occurred, holding that the plain language of the contract required a lawsuit against American Family to be commenced within one year of the date of the loss or damage occurred.

Based on the foregoing, American Family contends that the Borregos' second claim for relief is time-barred. Additionally, American Family contends that the third

claim predicated on Colo. Rev. Stat. § 10-3-1115 must be dismissed. Pursuant to that statute, an insurer may not "unreasonably delay or deny payment of a claim for *benefits owed* to or on behalf of a first-party claimant." Colo. Rev. Stat. § 10-3-1115(1)(a) (emphasis added). In this case, American Family contends that no covered benefit is owed due to the failure to commence the suit within one year.

The issue then becomes whether the contractual one-year limitations period was superseded by the passage of Colo. Rev. Stat. 10-4-110.8(12). This statute provides in pertinent part:

> (12)(a) Notwithstanding any provision of a homeowner's insurance policy that requires the policyholder to file suit against the insurer, in the case of any dispute, within a period of time that is shorter than required by the applicable statute of limitations provided by law, a homeowner may file such a suit within the period of time allowed by the applicable statute of limitations; except that this paragraph (a):
>
> (I) Does not revive a cause of action that, as of May 10, 2013, has already been barred by contract; and
>
> (II) Applies only to a cause of action that, as of May 10, 2013, has not been barred by contract.
>
> (b) On or after January 1, 2014, an insurer shall not issue or renew a homeowner's insurance policy that requires the policyholder to file suit against the insurer, in the case of any dispute, within a period of time that is shorter than required by the applicable statute of limitations provided by law.

The statute became effective on January 1, 2014, after the policy at issue had expired.

The Borregos argue that § 10-4-110.8(12)(a)(I)-(II) reaches back to apply to policies and causes of action prior to its effective date, and that if the legislature had intended that the statute not apply retroactively, it would have included only the language in § 10-4-110.8(12)(b), not (a). The Borregos further assert that because their

-6-

action was not barred by May 10, 2013 (it did not become contractually barred until June 23, 2013), they can proceed on the breach of contract claim under § 10-4-110.8(12)(a)(I)-(II).  I find these arguments persuasive, and find from the plain language of the statute that it was intended to apply retroactively to causes of action that were not barred contractually as of May 10, 2013.

American Family notes, however, that at the time of the effective date of the statute, January 1, 2014, and the identified May 10, 2013 date, it is undisputable that the Borregos' policy was no longer in effect (having expired on March 6, 2013).  It argues that § 10-4-110.8(12) should not be applied to an expired policy such as the one at issue, as it would unconstitutionally take away or impair American Family's vested contractual rights.  American Family relies on *Greystone Constr., Inc. v. Nat'l Fire & Marine Ins. Co.*, 661 F.3d 1272 (10th Cir. 2011), in support of its argument.  It argues that the *Greystone* case is controlling as it addressed the applicability of a retroactive statute to expired policies, and found that the General Assembly's failure to specify that the statute at issue in that case applied to expired insurance policies meant that it did not intend the statute to apply to expired policies.  Thus, the *Greystone* court found that the statute did not apply to insurance policies whose policy periods had expired, and that the statute did not apply retroactively.  American Family argues that the same result applies in this case, as the Borregos have offered no authority which contradicts *Greystone*'s holding.

While I agree that the *Greystone* case sets out the test the court must determine in determining whether retroactive application of a statute is unconstitutional, I do not

find its result controlling in this case. In that case, the application provision of the statute at issue, Colo. Rev. Stat. § 13-20-808, stated, "'This Act applies to all insurance policies *currently in existence* or issued on or after the effective date of this Act.'" *Greystone*, 661 F.3d at 1280. The court's task in *Greystone* was "to decide whether 'currently in existence' refers to polices that have been issued and under which coverage can still be obtained—as is the case here—or only to those whose policy periods have not yet expired." *Id.* It found as to that issue that "[a] plain reading of the statute supports the latter interpretation." *Id.* The *Greystone* analysis is not relevant to the statute at issue in this case, § 10-4-110.8(12), as the statute does not address whether the provision applies to policies that are currently in effect or to those that are expired. Relevant to the retroactivity issue, the statute addresses the issue of applicability only as to whether the *cause of action* has expired. I find that the statute thus applies regardless of the policy's expiration because the cause of action is not dependent upon whether the policy is or is not in effect. Consistent with that rationale, American Family continued to adjust and pay the claim long after the policy expired.

Moreover, in *Greystone*, the Court of Appeals based its decision primarily on the fact that § 13-20-808 contained no legislative intent as to the retroactive application of the definition of "accident". 662 F.3d at 1280. That is not the case here, where the plain language of § 10-4-110.8 applies retroactively to causes of action that existed prior to the effective date of the statute. Also, the statute at issue in *Greystone* altered the definition of a key policy term affecting coverage; namely, the definition of an "accident". Under the new definition, coverage would be provided under the policy retroactively.

The change made in *Greystone* affected the substance of the agreement between the parties, not the procedure of seeking a remedy under the agreement. Here, unlike *Greystone*, there is no policy term affecting coverage that may or may not retroactively apply—coverage is not at issue. Finally, in *Greystone*, the statutory definition applied to the very policy itself. Here, the statute, § 10-4-110.8(12)(a)(I) - (II), does not alter a definition within the policy—it relates to the cause of action extending from the policy.

As the Borregos note, it is clear that the General Assembly's intent behind § 10-4-110.8 is to give a policyholder more time to file suit. That intent applies regardless of whether or not the policy has expired or not, for the simple fact that the time the General Assembly intended to lengthen is not dependent upon the policy, but upon the cause of action. In fact, American Family's argument would limit the statute's reach to only apply to those policies that were *still in effect* as of May 10, 2013. Had that been the General Assembly's intent, it could have so stated. The failure to do so supports an inference that it was the General Assembly's intent not to include such a limitation. *Specialty Restaurants Corp. v. Nelson*, 231 P.3d 393, 399 (Colo. 2010) (stating as rule of statutory construction that "the General Assembly's failure to include particular language is the statement of legislative intent, not a mere omission").

I further find that applying the statute retroactively to the loss at issue would not be unconstitutional. As noted in the *Greystone Construction* case:

> "[T]he retroactive application of a statute is not necessarily unconstitutional". . . .The Colorado state constitution prohibits only "*retrospective*" legislation. Colo. Const. art. 2, § 11 (emphasis added). A statute is retrospective if it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect

to transactions or considerations already past." . . .This proscription "prevent[s] the unfairness that would otherwise result from changing the consequences of an act after that act has occurred."

661 F.3d at 1279-80 (internal quotations omitted). "Application of a statute to an existing claim for relief does not violate the prohibition against retrospective legislation when the statute effects a change that is not substantive, but only procedural or remedial in nature." *Abromeit v. Denver Career Serv. Bd.*, 140 P.3d 44, 51 (Colo. App. 2005). "Substantive statutes create, eliminate, or modify vested rights or liabilities, while procedural statutes relate only to remedies or modes of procedure to enforce such rights or liabilities." *Id.*

Here, the timing of filing a suit is procedural in nature rather than substantive. Indeed, statutes of limitation are remedial in nature, and the Colorado Court of Appeals has expressly held that "the application of a remedial statute of limitation to an existing claim for relief does not violate the prohibition against retrospective legislation." *Vetten v. Indus. Claim Office of State*, 986 P.2d 983, 986 (Colo. App. 1999) (citing *Woodmoor Improvement Ass'n v. Property Tax Administrator*, 895 P.2d 1087 (Colo. App. 1994)). The statute's effect is not to create a new right or liability where none existed before; its only effect is to broaden the procedure whereby one seeking redress may file a lawsuit, which is constitutionally permissible. *Smith v. Putnam*, 250 F. Supp. 1017, 1018 (D. Colo. 1965). Moreover, "[h]aving the benefit of particular procedures or the ability to invoke particular remedies generally does not constitute a vested right." *Abromeit*, 140 P.3d at 51. Finally, as the Borregos note, American Family's right to exercise its contractual limitations argument had not vested at the time the statute was passed,

because there was another month remaining in the contractual period, regardless of whether or not the policy itself had expired. American Family has not, and cannot, demonstrate that this statute which merely alters time and procedure, constitutes a substantive change in the law which triggers unconstitutionality, especially given that it had no vested rights being affected at the time of its passage.

Accordingly, I find that the statute at issue, Colo. Rev. Stat. § 10-4-110.8(12), as amended, is not unconstitutionally retrospective. The contractual provision relied on by American Family is unenforceable due to the statute, and the Borregos' suit is not time-barred.

IV. CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Partial Summary Judgment (ECF No. 29) is **DENIED**.

Dated: January 6, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge